



```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
                                                        DOC #: _____
                                                        DATE FILED: 2/27/06
```

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

PRATHYUSHA REDDY
*Assistant Corporation Counsel*
(212) 788-0963
Fax: (212) 788-9776

**MEMO ENDORSED**

February 24, 2006

**Via Hand Delivery**
Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10002

Re:  Christian Hyer, et al. v. City of New York, et al., 05 CV 7728 (DLC)(JCF)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the City of New York in the above-referenced action. I write to respectfully request the Court to So Order plaintiff to provide defendant with an executed "Designation of Agent for Access to Sealed Records Pursuant to NYCPL § 160.50(1)(d)" by a date certain.

By way of background, there are four plaintiffs that allege, *inter alia*, that on or about February 4, 2005, police entered their home without a warrant and arrested plaintiff Hyer without probable cause. Plaintiffs also allege that on or about February 21, 2005, police unlawfully searched their home and seized items.

Plaintiffs filed their complaint on September 1, 2005. Defendant City answered on November 28, 2005. Although Defendant City was able to obtain enough information to make a good faith response to the complaint, it has since been unable to obtain any information regarding plaintiff Hyer's underlying arrest or the Incident because the records of plaintiff Hyer's underlying criminal action, including police records, were sealed pursuant to New York Criminal Procedure Law § 160.50. On September 26, 2005, November 9, 2005, and January 13, 2006, this office forwarded to plaintiff for execution, consents and authorizations for release of those sealed records, so that any records pertaining to the plaintiff Christian Hyer's arrest could be unsealed and so that this lawsuit could proceed in a timely fashion. In addition, on January 13, 2006, Mr. Michael Colihan, counsel for plaintiff agreed, via a telephone conversation with me, to return an executed release. To date, however, this office has not received the executed release.

An initial conference in this matter is scheduled for April 7, 2006. Because the City is the only named defendant at this time, the underlying sealed documents are the only

avenue for defendant City to gather any information to engage in a Federal Rule of Civil Procedure 16(f) conference with plaintiff's counsel, assess the case or even discuss settlement with plaintiff's counsel before the initial conference. In addition, because it takes approximately 30 days to obtain records after the executed release is received, defendant City will be unable to prepare Federal Rule of Civil Procedure 26(a) initial disclosures in a timely fashion without the executed release.

Accordingly, defendant City respectfully requests that the Court So Order plaintiff to provide an executed "Designation of Agent for Access to Sealed Records Pursuant to NYCPL § 160.50(1)(d)" by March 10, 2006. Thank you in advance for your consideration herein.

Respectfully submitted,

Prathi Reddy
Assistant Corporation Counsel
Special Federal Litigation

**CC: Via Facsimile & Mail**
Michael Colihan, Esq.
Attorney for plaintiffs
44 Court Street, Room 911
Brooklyn, NY 11201
Fax: (718) 694-0357

*The plaintiff shall provide the authorizations by March 10, 2006, or the case will be dismissed for failure to prosecute in the absence of a showing of good cause.*

*/s/ Denise Cote*
*February 27, 2006*