UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
CHRISTIAN HYER, SABRY NASR, DOREEN :
NASR, and JOSEPH NASR, by his m/n.g :
Doreen Nasr, : 05 CIV. 7728 (DLC)
            Plaintiffs, :
: MEMORANDUM
    -v- : OPINION & ORDER
:
THE CITY OF NEW YORK, POLICE OFFICER :
JOHN DOE and POLICE OFFICER JOHN ROE, :
:
            Defendants. :
------------------------------------- X

Appearances:

For plaintiffs:
Michael Colihan
44 Court Street
Suite 911
Brooklyn, NY 11201

For defendant City of New York:
Prathyusha Reddy
Assistant Corporation Counsel
City of New York
100 Church Street
Room 3-201
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/06

DENISE COTE, District Judge:

Plaintiffs bring the above-captioned action pursuant to Title 42, U.S.C., Section 1983 to recover damages they allegedly suffered in connection with defendants' false arrest of plaintiff Christian Hyer ("Hyer") at his home on February 21, 2005.[1] Plaintiffs, all of whom are members of the same family, claim that they were subject to unlawful search and seizure and false

---

[1] In the complaint, plaintiffs state that Hyer was arrested on February 4, 2005. All the other events to which they refer, however, are alleged to have occurred on February 21. Moreover, plaintiffs' motion papers indicate that Hyer's arrest occurred on February 21. It appears, therefore, that the reference to February 4 in the complaint is an error.

imprisonment. For their failure to prosecute their action with sufficient diligence and to obey a Court Order, the claims of all plaintiffs except Hyer are dismissed.

Plaintiffs filed their complaint on September 1, 2005. On September 26[2] and November 9, 2005, and January 13, 2006, counsel for defendant City of New York (the "City") sent plaintiffs' counsel consents and authorizations for the release of sealed records, pursuant to Section 160.50 of the New York Criminal Procedure Law ("Section 160.50"). Once executed by plaintiffs, these releases would allow the City to obtain police paperwork and other records related to the events at issue. On February 24, the City submitted a letter to the Court stating that it had not yet received the executed releases and requesting that Hyer be required to submit his forms within two weeks. The letter noted that on January 13, plaintiffs' counsel had agreed to return "an executed release," but that none had arrived. In a Memo Endorsement of February 27, the Court ordered that Hyer "provide the authorizations by March 10, 2006, or the case will be dismissed for failure to prosecute in the absence of a showing of good cause."

Apparently in response to the Memo Endorsement, plaintiffs' counsel sent a letter to his clients dated February 27, informing them that "IF THESE [RELEASES] ARE NOT RETURNED TO MY OFFICE VERY

---

[2] In granting on consent an extension of the time to answer on September 30, 2005, the Court ordered defense counsel to contact the Court if the authorizations which the defendants had already served on plaintiffs were not returned within two weeks.

2

SOON THIS CASE WILL PROBABLY BE DISMISSED." On the same date, he submitted a letter to the Court, representing that he had sent the releases to his client, but suggesting that a search of records might prove fruitless since Hyer had not been arraigned.

On April 6, the City, having still not received the authorizations from any of the plaintiffs, made a letter motion to dismiss the case. At the initial pretrial conference on April 7,[3] counsel for plaintiffs represented that he sent the forms to his clients on February 27 but never heard back and did not make any efforts to follow up on the request. Plaintiffs' counsel was ordered to provide an affidavit by April 14 describing his efforts to obtain releases from his clients and attaching any letters to his clients reflecting those efforts. A briefing schedule was set for the motion to dismiss.

On April 13, plaintiffs' counsel submitted an affidavit, reflecting that he had made only two efforts to contact his clients about the releases. The first of these attempts was through the letter dated February 27, 2006 -- five full months after the City initially sent him the forms. The second effort was made after the initial conference, which set the briefing schedule for this motion. On April 10, plaintiffs' counsel spoke with one of the plaintiffs by telephone and learned that his clients had not received the releases he mailed on February 27.

On April 21, the City received a purported Section 160.50

---

[3] The conference had been adjourned from January to April to accommodate plaintiffs' counsel, who had been hit by a car on January 12 and had been hospitalized for two days.

release from Hyer alone. According to counsel for the City, Hyer had revised the authorization form and omitted critical information on the release, rendering it ineffective. On April 28, the City filed the instant motion, seeking dismissal of the complaint with prejudice for failure to prosecute and failure to comply with a court order, pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

Rule 41(b) allows a defendant to move for the dismissal of an action or claim "for failure of the plaintiff to prosecute or to comply with these rules or with any order of court." Rule 41(b), Fed. R. Civ. P. It is well established that "dismissal of a complaint is discretionary for a trial judge" and that it is "an important tool for preventing undue delays and avoiding docket congestion." United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 251-54 (2d Cir. 2004). Nonetheless, "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." Id. at 254 (citation omitted). The Second Circuit has laid out five factors to be considered in determining whether dismissal is appropriate: (1) the length of the delay caused by plaintiffs' failure to prosecute; (2) whether plaintiffs were given notice that delay could result in dismissal; (3) the degree of prejudice that would be suffered by defendant because of further delay; (4) the balance between plaintiffs' right to a day in court and the need to alleviate calendar congestion; and (5) the efficacy of lesser sanctions. Id.

Here, plaintiffs failed effectively to respond to the City's request for over seven months, despite an explicit warning that continued failure to do so could result in dismissal of their claims. This delay has resulted in repeated applications to the Court. Nonetheless, given that the City has not shown that it has been severely prejudiced by plaintiffs' actions, dismissal of the entire complaint is not warranted here. Dismissal of some claims, however, is appropriate. Lesser sanctions have not been proposed by the plaintiffs and none appear appropriate. There is no indication that plaintiffs have the ability to pay a monetary sanction, and in any event, requiring them to pay money would have the principal effect of changing the terms of any negotiation of a settlement with the defendants.

The plaintiffs other than Hyer have not even attempted to submit executed releases. In opposition to this motion, they take the position that the authorizations are "inappropriate" because they were never taken into custody.[4] As the City rightly points out, even if these plaintiffs were never arrested, paperwork relevant to their claims might be sealed pursuant to Section 160.50. The releases are therefore essential to the City's preparation of its defense. In any event, the plaintiffs did not assert this excuse in response to either the City's

---

[4] Because the plaintiffs had already neglected to return the releases for over four months, and because counsel did not raise the issue in response to the February 27 Order, plaintiffs' counsel's argument that the delay in submission is partially attributable to his being injured in a car accident on January 12, 2006 is not relevant here.

5

February 24 application or the February 27 Memo Endorsement. In light of these plaintiffs' failure to provide the required releases, and their continued contention that they should not be required to do so, their claims shall be dismissed.

Conclusion

For the foregoing reasons, the City's motion to dismiss the complaint is granted with respect to all claims brought by Sabry Nasr, Doreen Nasr, and Joseph Nasr. It is denied with respect to the claims brought by Hyer, on the following condition: Hyer shall have 10 days to execute and return to the defendants the Section 160.50 release submitted to him by the defendants. Should he fail to do so, his claims shall also be dismissed with prejudice.

Dated: New York, New York
July 21, 2006

_____
DENISE COTE
United States District Judge