UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRSITIAN HYER,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE, & POLICE OFFICER JOHN ROE,

                                  Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER REGARDING COMPLAINING WITNESS(ES)' IDENTIFICATION**

**CV 05-7728 (DLC)(JCF)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-20-06

**WHEREAS**, plaintiff has sought certain information from defendant City of New York (hereinafter "defendant"), discovery in this action, information which defendant deems confidential, and

**WHEREAS**, defendant objects to the production of this information unless appropriate protection for its confidentiality is assured,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant, as follows:

1. As used herein, "Confidential Material" shall mean all information relating to the identification of the complaining witness(es), except that such information shall not be deemed "Confidential Material" to the extent, and only to the extent, that it is (a) obtained by plaintiff from sources other than defendant or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Material for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Material to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b. Disclosure before trial may be made only to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants attorneys upon their request.

4. Plaintiff's attorney shall not disclose the Confidential Material to the plaintiff.

5. Deposition testimony concerning any Confidential Material which reveals the contents of such information shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Material within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## **CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants use of the Confidential Material in any manner.

*Subject to modification.*
*So ordered:*
*Judge Cote*
*October 20, 2006*

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *Christian Hyer, et al. v. The City of New York, et al.* 05 CV 7728 (DLC), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Material except in testimony taken in this case.

_____9/5/06_____  _____
Date   Signature

  _____Michael Colihn_____
  Print Name

  _____AV Clam_____
  Occupation